IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Patricia Andrews,<br><br>Plaintiff,<br><br>v.<br><br>Aman Transport, LLC, and Lagghi G. Luji,<br><br>Defendants. | Case No.: 4:26-cv-03466-JD<br><br>**MEMORANDUM OPINION AND ORDER GRANTING REMAND AND DENYING FEES AND COSTS** |

This matter is before the Court on Plaintiff Patricia Andrews's Motion to Remand (DE 7), which also seeks costs and attorney's fees under 28 U.S.C. § 1447(c). Defendants Aman Transport, LLC, and Lagghi G. Luji consent to remand, oppose the request for fees, and ask the Court to recognize a potential right to remove the case again. (DE 8.) For the reasons below, Plaintiff's Motion to Remand is **GRANTED IN PART**. This action is **REMANDED** to the Horry County Court of Common Pleas, and the request for costs and attorney's fees is **DENIED**.

## I. BACKGROUND

Plaintiff filed this negligence action in the Horry County Court of Common Pleas on June 25, 2026, following a collision on June 15, 2026. (DE 1-1.) She alleges that while driving north on U.S. Highway 501 in a Ford Bronco, wheels and rims detached from a tractor-trailer operated by Luji, crossed the highway, and struck her vehicle. (DE 1-1 at 24–25.) The pleading describes the vehicle damage as catastrophic and includes a photograph depicting extensive front-end damage. (*Id.* at 25.)

Plaintiff alleges serious bodily injury, substantial medical bills, continuing physical and emotional harm, economic loss, and future medical expenses. (DE 1-1 at 25–27.) She asserts negligence, gross negligence, and recklessness and requests actual, special, consequential, and punitive damages in an amount to be determined by a jury. (*Id.* at 26–28.) The pleading does not specify the nature of her injuries or the amounts of her medical expenses or economic losses.

Plaintiff originally named Willie B. & Sons, LLC, as a defendant. On August 7, 2026, the parties filed a consent motion in state court seeking leave to file a Second Amended Complaint that would drop Willie B. & Sons and correct Luji's name. (DE 1-1 at 22–23.) The removal papers contain the proposed pleading but do not show whether the state court granted the motion before removal. This uncertainty need not be resolved to decide this motion.

Defendants removed the action on August 14, 2026, invoking 28 U.S.C. §§ 1332, 1441, and 1446. (DE 1.) The Notice of Removal identifies Plaintiff as a South Carolina citizen, Luji as a Kansas citizen, and Aman Transport, LLC, as a Texas corporation with its principal place of business in Dallas. (*Id.* ¶ 6.) As to the amount in controversy, Defendants assert that a jury "could award relief in excess of $75,000.00 if these damages are proven." (*Id.* ¶ 8.)

Plaintiff moved to remand on August 24, 2026, contesting the amount in controversy and requesting fees and costs under § 1447(c). (DE 7; DE 7-1.) After removal, Defendants proposed a stipulation limiting Plaintiff's recovery to $75,000, which Plaintiff declined to sign. (DE 8-1; DE 8-2.) Defendants offered to consent to

remand on August 28 and again on September 8. (DE 8-3; DE 8-4.) Plaintiff's counsel offered to waive costs if Defendants agreed not to remove the case again. (DE 8-5.) No such agreement appears in the record.

In their response, Defendants concede that they have no additional evidence opposing remand, consent to remand, oppose fees, and seek recognition of the possibility of later removal. (DE 8 at 3–4.) The Court first addresses subject-matter jurisdiction.

## II. LEGAL STANDARD

Federal courts possess only the jurisdiction authorized by the Constitution and federal statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A state-court action may be removed only if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). The removing party bears the burden of establishing that jurisdiction. *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296–97 (4th Cir. 2008). If subject-matter jurisdiction is lacking, remand is mandatory. 28 U.S.C. § 1447(c); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). An LLC takes the citizenship of each of its members, not the citizenship of the state in which it is registered or maintains its principal place of business. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011).

When a state-court complaint seeks unspecified damages, a notice of removal need only plausibly allege the jurisdictional amount; evidentiary submissions are not

required with the notice itself. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 88–89 (2014). Once the allegation is contested, however, the removing defendant must establish the amount by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B); *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017). The Court considers the pleadings and relevant record materials, drawing reasonable inferences without resorting to speculation. *See Scott*, 865 F.3d at 194, 197.

The amount in controversy is assessed at the time of removal. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–94 (1938). Punitive damages count toward that amount when recoverable under governing law, but a punitive-damages request alone does not necessarily establish the jurisdictional threshold. *See Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943); *Legg v. Peterbilt of Atlanta, LLC*, 730 F. Supp. 3d 215, 219–20 (D.S.C. 2024).

Under 28 U.S.C. § 1447(c), a remand order may require payment of just costs and actual expenses, including attorney's fees, incurred because of removal. Absent unusual circumstances, fees should be denied if the removing party had an objectively reasonable basis for removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005); *see also Black v. Mantei & Assocs., Ltd.*, 145 F.4th 528, 534 (4th Cir. 2025).

## III. DISCUSSION

### A. Amount in Controversy

Defendants must establish that more than $75,000 was in controversy when this action was removed. Plaintiff's pleading does not specify an amount, and she has not filed a binding stipulation limiting recovery. Her refusal to sign Defendants' post-

removal stipulation does not establish that the jurisdictional threshold is met. *See Legg*, 730 F. Supp. 3d at 219–20.

The Court recognizes that the claim may be substantial. Plaintiff alleges that detached tractor-trailer wheels struck her vehicle, causing extensive damage. She seeks compensation for serious bodily injuries, substantial medical bills, future expenses, noneconomic losses, and allegedly reckless conduct warranting punitive damages. (DE 1-1 at 24–28.) Those allegations make a recovery exceeding $75,000 possible. The question, however, is whether the record establishes, by a preponderance of the evidence, that more than $75,000 was actually in controversy. *See Scott*, 865 F.3d at 194.

The record does not identify Plaintiff's diagnosed injuries or quantify her past medical bills, future treatment costs, lost earnings, or other economic damages. Neither the Notice of Removal nor Defendants' response supplies medical records, a damages estimate, or other evidence from which the Court could reliably assess the amount at stake. The photograph corroborates the seriousness of the collision but cannot, on its own, establish the value of the bodily-injury claim. Defendants' assertion that a jury "could" award more than $75,000 does not carry their burden on this record. (DE 1 ¶ 8.)

The Court's decision in *Hill v. Airbnb, Inc.*, No. 4:26-cv-01011-JD, 2026 WL 1656046, at *3–4 (D.S.C. June 8, 2026), does not compel a different result. In *Hill*, a minor allegedly sustained a head injury causing severe and permanent impairment, with specifically alleged continuing consequences, substantial medical expenses, and

a demand for punitive damages. *Id.* at *3. The Court considered those allegations together; it did not require precise monetary documentation for each damage category.

Here, by contrast, the pleading alleges serious injury but identifies neither a particular injury nor a permanent impairment or comparable consequences. *Crosby v. CVS Pharmacy, Inc.*, 409 F. Supp. 2d 665, 668–69 (D.S.C. 2005), is instructive: generalized allegations of serious injury and punitive damages did not establish the jurisdictional amount without a basis for estimating the injuries' nature or extent. Although the plaintiff's representation concerning the value of her claim in *Crosby* differed from the present record, its caution against speculation remains pertinent. *See also Legg*, 730 F. Supp. 3d at 219–20. No categorical requirement of medical records is imposed.

When Plaintiff challenged the amount in controversy, Defendants submitted no additional supporting evidence and expressly consented to remand. (DE 8 at 3–4.) Consent itself neither creates nor defeats federal subject-matter jurisdiction. Considering the totality of this record, however, the Court concludes that Defendants have not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000. Remand is, therefore, required under § 1447(c).

**B. Aman Transport's Citizenship**

The jurisdictional submissions also do not establish Aman Transport's citizenship. The Notice of Removal describes the LLC as a Texas corporation and identifies its principal place of business. (DE 1 ¶ 6(b).) Defendants' Local Rule 26.01

responses clarify that Aman Transport is a privately owned LLC but identify neither its members nor their citizenship, although Interrogatory H expressly requests that information. (DE 3 at 2–3.)

Because an LLC has the citizenship of its members, those allegations are inadequate to establish complete diversity. *See Cent. W. Va. Energy*, 636 F.3d at 103. That omission does not establish that any member is a South Carolina citizen, and a defective jurisdictional allegation may be subject to amendment under 28 U.S.C. § 1653. Because the amount-in-controversy deficiency independently requires remand, the Court need not resolve the citizenship issue or the procedural effect of the state-court motion concerning Willie B. & Sons.

**C. Plaintiff's Request for Fees and Costs**

Plaintiff requests costs and attorney's fees under § 1447(c). (DE 7; DE 7-1 at 7–8.) The propriety of a fee award does not turn solely on whether removal was unsuccessful. Rather, the question is whether the removal lacked an "objectively reasonable basis for seeking removal." *Martin*, 546 U.S. at 141. A removing defendant has some latitude to be wrong; the Fourth Circuit requires more than an incorrect jurisdictional position. *Black*, 145 F.4th at 534.

Plaintiff relies on *Legg*'s warning concerning removals grounded in a plaintiff's refusal to agree to a damages cap. 730 F. Supp. 3d at 220–21. In *Legg*, however, the complaint itself stated that $75,000 or less was in controversy, known medical expenses were below $5,000, and the plaintiff declined a proposed stipulation before removal. *Id.* at 217–20. The warning addressed continued reliance on that refusal

despite contrary district court authority. *Id.* at 220–21. Here, the pleading contains no damages cap, and Defendants requested a stipulation only after removing the action. Thus, that refusal did not support the original removal.

Defendants' position ultimately fails for want of an adequate jurisdictional showing, but it was not objectively unreasonable at the time of removal. The collision involved detached tractor-trailer wheels, extensive vehicle damage, allegedly serious injuries, continuing medical expenses, and a punitive-damages demand. The Court's decision in *Hill* illustrates that detailed injury allegations may establish the jurisdictional amount even without a specific monetary demand, whereas *Legg* and *Crosby* reflect the limits of relying on generalized allegations. *Compare Hill*, 2026 WL 1656046, at *3–4, with *Legg*, 730 F. Supp. 3d at 219–20, and *Crosby*, 409 F. Supp. 2d at 668–69. *Legg* itself denied fees despite ordering remand. 730 F. Supp. 3d at 220.

The Court also notes Defendants' prompt offer to consent to remand once Plaintiff challenged jurisdiction. (DE 8-3; DE 8-4.) That conduct does not cure the removal's deficiencies, but the record does not show that removal was undertaken to prolong litigation or impose unnecessary expense. The inadequate allegation of LLC citizenship is a separate, potentially correctable defect; under these circumstances, it does not render the original removal objectively unreasonable. The Court finds no unusual circumstances warranting a departure from *Martin*'s rule. Plaintiff's request for costs and attorney's fees is **DENIED**. *See Martin*, 546 U.S. at 141.

### D. Potential Future Removal

Defendants request a declaration that they may remove the action again if later information establishes federal jurisdiction. (DE 8 at 4.) Whether a subsequent removal is proper depends on the facts and the requirements of 28 U.S.C. § 1446, including subsections (b)(3) and (c)(1) when applicable. *See Black*, 145 F.4th at 536–38 (addressing an improper second removal resting on previously rejected grounds). Because no later removal is before the Court, the Court declines to decide that hypothetical question.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (DE 7) is **GRANTED IN PART**. This action is **REMANDED** to the Horry County Court of Common Pleas. Plaintiff's request for costs and attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**. The Court expresses no opinion concerning the propriety of any future removal. The Clerk is **DIRECTED** to mail a certified copy of this Order to the Clerk of Court for Horry County and to close this case.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
November 20, 2026